UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-549-GWU

GEORGE ANTHONY ROWE,                                                                  PLAINTIFF,


VS.                               **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                    DEFENDANT.


### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  The appeal is currently before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

        Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

06-549 Rowe

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

06-549 Rowe

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, George Anthony Rowe, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of a central disc herniation at L5-S1 with multilevel degenerative disc disease and possible right sacroiliac radiculopathy, an adjustment disorder, a depressive disorder, and a learning disorder.  (Tr. 19).  Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Rowe retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits.  (Tr. 22-5).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of Mr. Rowe's age and work experience, with a sixth grade reading and arithmetic level, could perform any jobs if he were limited to lifting and carrying up to only 20 pounds occasionally, and also had the following non-exertional impairments. (Tr. 478).  He:

(1) could sit, stand, and walk three hours each in an eight-hour day (no more than one hour without interruption); (2) could never crawl or climb; (3) could occasionally bend, squat, and reach above shoulder level; (4) could use his hands for repetitive actions but could not use his feet for repetitive movements; (5) was moderately precluded from activities involving unprotected heights and exposure to dust, fumes, and gases; and (6) could perform simple tasks in low stress settings which did not require greater than sixth grade abilities in reading and arithmetic. (Tr. 478-9). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 479).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

Mr. Rowe alleged disability due to lower back and leg pain. (Tr. 86). At the first of two administrative hearings, he testified that he had not worked since December, 2003, since injuring his lower back, and also was having difficulty with depression. (Tr. 490, 493). Medications for depression helped him sleep. (Tr. 497). At the second administrative hearing, Mr. Rowe stated that he was unable to tolerate physical therapy, and pain medications only allowed him to tolerate his pain. (Tr. 463, 465). He had to change positions after five to ten minutes. (Tr. 466). He felt

06-549 Rowe

that his medications affected his thinking, and left him drowsy and fatigued. (Tr. 464-5, 474).

      The ALJ's functional capacity assessment is supported by the opinion of Dr. David Muffly, an orthopedist, who examined the plaintiff on December 2, 2004 and reviewed previous records including MRIs of the lumbosacral spine which showed degenerative disc disease of the three lower lumbar levels and bulging, but no nerve root impingement. (Tr. 383-4). He also reviewed an EMG/NCV study which had been read as abnormal in that it was "suggestive but not diagnostic of" possible right sacroiliac radiculopathy (Tr. 384). Dr. Muffly also reviewed the office notes of Dr. William Brooks, a treating neurosurgeon who had obtained the MRI and the EMG/NCV reports, and who had concluded that the plaintiff did not have a surgical condition. (Tr. 149-56, 302-3). Dr. Muffly's examination showed that the plaintiff did not have a limp, but did have stiffness in the low back with changes of position and could only squat halfway down. (Tr. 383). There was lumbosacral spine tenderness and spasm with forward flexion limited to 60 degrees. (Tr. 384). Reflexes, strength, and all other ranges of motion were normal. (Tr. 383). Dr. Muffly concluded that the plaintiff would have the restrictions given by the ALJ in the hypothetical question. (Tr. 395). His restrictions are not inconsistent with the findings of either Dr. Brooks (Tr. 149, 152) or another orthopedic examiner, Dr. Ronald Dubin (Tr. 206). The plaintiff's treating family physician, Dr. Jose Echeverria, opined on several occasions

that Mr. Rowe would be limited to less than full-time standing, walking, and sitting. (E.g., Tr. 169-70, 427-8). However, the ALJ rejected the treating physician's opinion as being inconsistent with the other examiners and not fully supported by his objective findings (Tr. 23), see Wilson v. Commissioner of Social Security, 378 F.2d 383, 387 (6th Cir. 2004), and the plaintiff does not contest this portion of the decision on appeal.

Nor does the plaintiff contest the hypothetical mental restrictions. There are extensive notes from the Comprehensive Care Center (CCC), a mental health clinic, where Mr. Rowe was diagnosed with a mood disorder due to a generalized medical condition, but there is no indication of functional restrictions beyond a Global Assessment of Functioning (GAF) score of 55. (Tr. 425). A GAF score in this range equates to "moderate" symptoms. Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. The functional restrictions are consistent with the conclusions of an examining psychiatrist, Dr. Kevin Eggerman (Tr. 192-3) and also adopt the reading and arithmetic achievement levels obtained by Psychologist Jeffrey Grand (Tr. 195), although this source indicated greater restrictions, especially in social interaction (Tr. 196). The ALJ could reasonably have accepted the restrictions of Dr. Eggerman, which appear to be more consistent with the GAF score found by the treating sources at CCC.

The plaintiff's only issue on appeal is that the ALJ improperly evaluated his subjective complaints of pain.  The plaintiff correctly notes that there must be evidence of an underlying medical condition and (1) objective medical evidence to confirm the severity of the alleged pain or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.  Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).  However, the ALJ specifically found that, although Mr. Rowe had a medically determinable impairment which could reasonably be expected to produce the alleged symptoms, his statements regarding the intensity, duration, and limiting effects of the symptoms were not entirely credible.  (Tr. 22).  The ALJ explained that, although Dr. Brooks found a limitation of the plaintiff's range of motion, the rest of his evaluation did not show abnormalities.  (Id.).  The ALJ also noted that the plaintiff's statements that he could walk and stand for only 5 minutes and sit for only 15 minutes were inconsistent with his ability to sit 45 minutes during the hearing without evidence of discomfort and with the limitations assessed by Drs. Brooks, Dubin, and Muffly.  (Tr. 22-3).[1]  Finally, the ALJ questioned the plaintiff's statements that he was unable to return to work because of his injury, noting that the

---

[1] The plaintiff correctly notes that his testimony that he was unable to tolerate physical therapy is corroborated by office notes from his physical therapist.  (Tr. 139, 463).  The ALJ reasonably noted, however, that Dr. Echeverria's office notes often indicated that Mr. Rowe was "doing fine."  (E.g., Tr. 363).  Dr. Echeverria's office notes do not paint a picture of an individual on the verge of paralysis.

11

plaintiff's superintendent had written that he was terminated because of a reduction in force and he would be rehired again because he was a good employee. (Tr. 118-19).  While the court is normally cautious in reviewing what has been termed "sit and squirm" jurisprudence at the administrative level, there is, on the whole, sufficient evidence for the ALJ to have concluded under the Duncan standard that the plaintiff's pain would not prevent all work activity.

The decision will be affirmed.

This the 14th day of November, 2007.

Signed By:

G. Wix Unthank

United States Senior Judge